Virgilio Rivera Aromí, demandante y apelante, *v.* Corporacíón Municipal de Santa Isabel, demandada y apelada.

No. 4216.—*Visto:* Noviembre 23, 1927. *Resuelto:* Julio 23, 1928.

*Adolfo Porrata Doria,* abogado del apelante; *Leopoldo Tormes,* abogado de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

El Dr. Virgilio Rivera Aromí demandó en marzo de 1926 a la corporación municipal de Santa Isabel alegando que en julio de 1924 y como médico cirujano fué requerido por Manuel Néstor Rodríguez, alcalde entonces de Santa Isabel, para que prestara sus servicios al referido municipio en el hospital y asistiendo a los enfermos pobres, debido a que no había médico alguno en dicha fecha en Santa Isabel, conviniendo en que los honorarios del demandante le serían pagados por dicho municipio; que aceptó esa proposición y durante catorce o quince días de ese mes de julio se trasladó diariamente de Coamo a Santa Isabel donde atendió a los enfermos de ese municipio en el hospital y en sus casas; servicios cuyo valor razonable estima en la cantidad de $525 que no le han sido pagados por el Municipio de Santa Isabel a pesar de las diligencias que ha hecho para su cobro, por lo que solicitó sentencia que condenara al municipio demandado a satisfacerle la expresada cantidad.

Contestó el municipio demandado por conducto de su alcalde oponiéndose a esa reclamación y alegando que en julio de 1924 el demandante prestaba sus servicios como médico titular del municipio de Coamo estando por este motivo impedido de prestar cualquier servicio profesional a otra corporación municipal.

El día señalado para el juicio no asistió a él la corporación demandada y el demandante presentó su declaración como única prueba, recayendo después sentencia declarando sin lugar la demanda contra la cual interpuso este recurso de apelación en el que tampoco ha comparecido la apelada.

El demandante declaró en el juicio que en julio de 1924 era médico titular de beneficencia en Coamo con un sueldo de $140 mensuales, estando limitados sus servicios a trabajar las horas de la mañana y ocupando las de la tarde en sus trabajos particulares en una clínica que allí tenía con el Dr. Ortiz; que el día 15 de ese mes y año fué a verle Manuel Néstor Rodríguez, alcalde entonces del municipio de Santa Isabel, con dos asambleistas del mismo, para que prestara sus servicios profesionales a los enfermos de esa municipalidad donde hacía más de un mes que no había médico de beneficencia, ofreciéndole que le serían pagados sus servicios no por nómina ni sueldo sino como servicios médicos; que el demandante aceptó asistir a dichos enfermos durante las horas de la tarde como lo hizo durante quince días, habiendo tenido que ir a Santa Isabel en dos ocasiones por la noche: que el alcalde iba todos los días a buscarle a Coamo y que en dos veces que no fué le envió su chófer: que ha pasado su cuenta al municipio expresado por $500 más otros $25 por gastos de viaje y no le ha sido pagada; y que esa cantidad representa lo que hubiera ganado trabajando en Coamo por su cuenta durante las tardes, pues sus entradas como médico particular eran de $1,000 mensuales más o menos porque en esa clínica hacía trabajos de laboratorio, habiendo en esa época dos médicos solamente en Coamo, él y el Dr. Ortiz.

El alcalde es el jefe ejecutivo municipal pero no encontramos que entre las facultades que le confiere el artículo 29 de la Ley Municipal, según quedó enmendada en 1924, se halle la de celebrar el contrato que motiva la demanda que estamos considerando, ni el apelante nos ha citado precepto alguno en tal sentido. La regla general de que cuando una persona requiere de otra que preste sus servicios la ley supone la

promesa de pagarle el valor razonable de tales servicios, no tiene aplicación al caso de servicios médicos prestados a una tercera persona si la relación entre el paciente y la persona que solicita los servicios no es tal que lleve consigo la obligación de darle asistencia médica. 21 R.C.L. página 412. Véase también la página 413 en relación con servicios a corporaciones. El acto del alcalde en este caso no obliga a la corporación municipal demandada porque ésta no requirió los servicios del apelante ni sancionó la conducta del alcalde, y, por tanto, no está obligada a pagar los servicios que a instancia del alcalde prestó el demandante, *por lo que la sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Texidor no intervino.